UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLER PANELING SPECIALTIES, INC.,<br><br>Petitioner,<br><br>v.<br><br>CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD; CARPENTERS LOCAL UNION 46,<br><br>Respondents. | No. 2:13-cv-01477-TLN-KJN<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court as a result of a Motion to Dismiss the Petition to Vacate the Arbitration Award ("Motion to Dismiss") brought by Respondents Carpenters 46 Northern California Counties Conference Board ("the Union Board") and Carpenters Local Union 46's ("Local 46") (collectively "Respondents"). (ECF No. 15.)[1] Petitioner Miller Paneling Specialties, Inc. ("Petitioner") opposes Respondents' Motion to Dismiss. (Pet'r.'s Opp'n to Mot. to Dismiss, ECF No. 17.) Respondents submitted a reply to Petitioner's opposition. (Resp'ts.' Reply in Support of Mot. to Dismiss, ECF No. 21.) The Court has carefully considered the arguments presented by the parties. For the reasons set forth below, the Court finds that the

---

[1] Respondents filed a request for judicial notice regarding National Labor Relations Board ("NLRB") proceedings. (Resp'ts.' Req. for Judicial Notice, ECF No. 23.) In deciding this motion, the Court need not reach the issue of the NLRB proceedings and therefore does not rule on Respondents' request for judicial notice.

1

Arbitration Award is not yet final and binding.  Therefore, the Petition to Vacate the Arbitration Award (Pet., ECF No. 1) is premature and Petitioner's Petition to Vacate the Arbitration Award must be DISMISSED.[2]

## BACKGROUND

Petitioner is a licensed contractor specializing in the installation of wall paneling in various construction projects.  (ECF No. 1 at ¶¶ 4, 7.)  Respondent Union Board is a labor organization to which various local unions belong.  (ECF No. 1 at ¶ 5.)  Respondent Local 46 is also a labor organization which represents employees in Northern California and is affiliated with the Union Board.  (ECF No. 1 at ¶ 6.)  Petitioner utilizes carpenters from the Union Board and Local 46 to perform wall panel installation.  (ECF No. 1 at ¶ 7.)

Petitioner is a signatory to a collective bargaining agreement ("CBA") with Respondents.  (ECF No. 1 at ¶ 7.)  Respondents filed a labor grievance against Petitioner pursuant to the CBA, alleging wage and fringe benefit underpayments to some of their carpenters.  (ECF No. 1 at ¶ 8.)  Petitioner denied those claims and asserted that the work performed by those carpenters was not for Petitioner, but for another employer, Red Fox Industries, Inc. ("Red Fox").  (ECF No. 1 at ¶ 8.)

Pursuant to the CBA, the grievance proceeded to arbitration and Arbitrator Robert Hirsch issued the Decision and Award of the Arbitrator (which the parties refer to as the "Arbitration Award").  (ECF No. 1 at ¶ 9.)  The Arbitrator found that Petitioner and Red Fox Industries were "one and the same companies" under the CBA.  (ECF Nos. 1 at ¶ 9; 1-1 at 5, ¶ 3 under "Decision.")  The Arbitrator also found that Respondents' grievance "is meritorious and that the Grievant[s] [are] entitled to a remedy to resolve this matter."  (ECF No. 1-1 at 5, ¶ 2 under "Decision".)  The Arbitrator directed Petitioner "to submit to a complete audit of the books and records for all entities of the company . . . in order to determine the amount of wages due, if any, and to whom they may be due."  (ECF No. 1-1 at 5, ¶ 2 under "Award.")  In addition, the Arbitrator retained jurisdiction over the proceedings for the purpose of resolving any disputes

---

[2] Within the Motion to Dismiss (ECF No. 15), Respondents also request confirmation of the Arbitration Award.  Since the Arbitration Award is not yet final, the petition is not properly before this Court and must be dismissed.  As such, Respondents' request to confirm is DENIED.

arising from the audit. (ECF No. 1-1 at 7, ¶ 5 under "Award.")

**STANDARD**

The district court has jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA") to vacate or enforce a labor arbitration award. *Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Kemner v. Dist. Council of Painting & Allied Trades No. 36*, 768 F.2d 1115, 1118 (9th Cir. 1985). However, the arbitrator's award must normally be final and binding before such review is undertaken. *Gen. Drivers*, 372 U.S. at 519; *Kemner*, 768 F.2d at 1118. Only in the most extreme cases will judicial review of a non-final award be proper.[3] *Aerojet-Gen. Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). "To allow judicial intervention prior to the final award would contravene the fundamental federal labor policy of deference to contractual dispute resolution procedures, and would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings." *Millmen Local 550, United Bhd. of Carpenters & Joiners of Am., v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987) (citing *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 566–68 (1960); *Kemner*, 768 F.2d at 1118; *Aerojet-Gen.*, 478 F.2d at 251). "Moreover, interlocutory review of non-final arbitration awards would defeat the purpose of 28 U.S.C. § 1291 to avoid piecemeal litigation of a claim." *Id.*; *see, e.g.*, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *Liberian Vertex Transports, Inc. v. Associated Bulk Carriers, Ltd.*, 738 F.2d 85, 87 (2d Cir. 1984).

---

[3]*Sunshine Mining Company v. United Steelworkers of America*, 823 F.2d 1289 (9th Cir. 1987) and *United Steelworkers of America v. Enterprise Wheel & Car Corporation*, 363 U.S. 593 (1960) are two such examples of extreme cases. In *Sunshine Mining Co.*, the arbitrator structured an award to make it conditional on the results of a future psychiatric examination after the evidence record was closed. The district court found that this award denied due process and exceeded the scope of the arbitrator's authority. The employer appealed and the Ninth Circuit reviewed the award because it "[fell] in the category of exceptional cases in which the panel must decide the merits of the appeal in order to determine the interim nature of the arbitrator's award. *Sunshine Mining Co.*, 823 F.2d at 1292–94 & n. 4. In *United Steelworkers*, the Supreme Court allowed review of an arbitration award because the arbitrator had already ordered a specific remedy and the only thing left for the arbitrator to do was the mathematical computations of the award. *See Millmen Local 550, United Bhd. of Carpenters & Joiners of Am., v. Wells Exterior Trim*, 828 F.2d 1373, 1377 (9th Cir. 1987) (interpreting the holding of *United Steelworkers*, 363 U.S. 593). Neither of the situations presented in *Sunshine Mining Company* or *United Steelworkers* are analogous to the facts in the instant case.

## ANALYSIS

The Ninth Circuit case *Millmen*, 828 F.2d at 1373, specifically addressed the issue of whether an arbitrator's decision determining liability, but reserving jurisdiction to determine the remedy in the future, is a final and binding award and thus reviewable by the courts under section 301 of the LMRA. *Id.* at 1374. In *Millmen*, the employer was a signatory to a collective bargaining agreement with a local lumber and mill union. *Id.* The union filed grievances against the employer alleging violations of the collective bargaining agreement related to bargaining unit work. *Id.* The grievance proceeded to arbitration and the arbitrator held that the employer had violated the bargaining agreement. *Id.* The arbitrator issued a decision providing that "[t]he question of remedy in its entirety is remanded to the Parties, the Arbitrator retaining jurisdiction in the event that the Parties cannot agree upon such remedy." *Id.* at 1374–75. The union petitioned the district court to confirm the arbitrator's decision. *Id.* at 1375. In response, the employer filed a motion to dismiss the petition for lack of a final award. The district court denied the motion to dismiss and confirmed the arbitrator's award. *Id.* On appeal, the Ninth Circuit disagreed and held that such an award is not final and not reviewable. *Id.* at 1374.

The Ninth Circuit analogized the issue as to whether the award was final and binding to the finality rule of judgments under 28 U.S.C. § 1291, which gives courts of appeals jurisdiction of appeals from all final decisions of district courts. The panel held that a final judgment under section 1291 is "one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment." *Millmen*, 828 F.2d at 1376 (citing to *Warehouse Rest., Inc. v. Customs House Rest., Inc.*, 726 F.2d 480, 481 (9th Cir. 1984)). The Ninth Circuit also noted that, "a judgment is not final if it decides only liability and leaves open the question of relief." *Id.* (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)). As such, the court concluded that "an arbitration award that postpones the determination of a remedy should not constitute a final and binding award reviewable under section 301." *Id.* (citing *Pub. Serv. Elec. & Gas Co. v. Sys. Council U-2, Int'l Bhd. of Elec. Workers*, 703 F.2d 68, 69–70 (3d Cir. 1983)). Moreover, the Ninth Circuit found the fact that the arbitrator in *Millmen* specifically retained jurisdiction to

decide the remedy in the event that the parties could not agree, indicative that the arbitrator did not intend the award to be final. *Id*. at 1376–77.

In the present case, the arbitrator did not decide the question of damages. He only stated that Respondents were entitled to "a remedy." (ECF No. 1-1 at 5.) To determine what "remedy" is owed, he directed Petitioner and Red Fox to:

> [S]ubmit to a complete audit of the books and records for all entities of the company, including [Miller Paneling] and Red Fox Industries in order to determine the amount of wages and fringe benefits due, *if any*, and to whom they *may* be due. . . .

(ECF No. 1-1 at 5, ¶ 2 under "Award") (emphasis added). Furthermore, as in *Millmen*, the arbitrator reserved jurisdiction to resolve any disputes over the remedy that may arise between the parties pending the results of the audit. Specifically the Award states:

> In the event that there is a dispute between the parties to this Award concerning the amount of wages and/or fringe benefits due, or to whom said amounts are to be paid, or the amount that is to be paid following the audit, the Arbitrator hereby retains jurisdiction over these proceedings to resolve or adjust said differences upon further submission to it by any of the parties to this Award.

(ECF No. 1-1 at 7, ¶ 5 under "Award.") Although the arbitrator states that Respondents are entitled to "a remedy," the permissive phrases "wages and fringe benefits due, *if any*," and "to whom they *may be* due," indicate that, until the audit is performed, the existence and nature of the remedy remain unclear. Language of this nature does not bespeak a final and binding award "which ends the litigation . . . and leaves nothing for the court to do but execute the judgment." *Millmen*, 828 F.2d at 1376 (quoting *Warehouse Rest., Inc.*, 726 F.2d at 481). To the contrary, it leaves open the question of relief. *See Millmen*, 828 F.2d at 1376. Thus, if the Court were to review and confirm this award, the Court's ruling would "partake[] of all the attributes of an interim order," and would essentially constitute judicial intervention prior to the final award. *Id.* Such an act would contravene the fundamental federal labor policy of deference to contractual dispute resolution procedures and the purpose of arbitration. *See id.*; *Pub. Serv. Elec. & Gas Co.*, 703 F.2d at 69–70; *United Steelworkers of Am.*, 363 U.S. at 566–68; *Kemner*, 768 F.2d at 1118; *Aerojet-Gen.*, 478 F.2d at 251. The Court's conclusion is further supported by the fact that

5

the arbitrator in this case specifically retained jurisdiction to decide the remedy if a dispute between the parties were to arise, indicating that he did not intend for the Award to be final. *See Millmen*, 828 F.2d at 1376–77.

## CONCLUSION

For the reasons stated above, the Court finds that the Award is not yet final and binding, and thus Petitioner's petition is premature. As such, the Court DISMISSES Petitioner's Petition to Vacate the Arbitration Award (ECF No. 1). The parties are free to re-file a petition if and when the Arbitration Award becomes final. Accordingly, all pending motions are hereby DENIED AS MOOT and this case is closed.

**IT IS SO ORDERED.**

Dated: December 6, 2013

Troy L. Nunley
United States District Judge